TAMMY FAYE WILFONG (CARPENTER) AND HARLEYSVILLE MUTUAL INSURANCE COMPANY v. R. W. WILKINS, JR., COMMISSIONER OF MOTOR VEHICLES

No. 8310SC949

(Filed 21 August 1984)

**Automobiles § 2— driver's license of judgment debtor—suspension required**
      Where plaintiff's estranged husband either negligently or intentionally caused one of plaintiff's vehicles to collide with her other vehicle, plaintiff obtained a judgment against her husband for damages to her automobiles, and the judgment remained unsatisfied for longer than 60 days, defendant was re-

quired pursuant to G.S. 20-279.13 to suspend the husband's driver's license as plaintiff requested.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 26 May 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 5 June 1984.

This is a civil action to compel the defendant to suspend the driver's license of a judgment debtor pursuant to the provisions of G.S. 20-279.13. The pertinent facts stipulated to by the parties are as follows: On 4 February 1980, plaintiff Tammy Faye Wilfong (Carpenter) owned two motor vehicles, a 1971 Pinto and a 1979 Camaro. She had in effect an automobile liability insurance policy issued by plaintiff Harleysville Mutual Insurance Company, which covered both vehicles and met the requirements of our financial responsibility laws. On that day, James Rudolph Carpenter, plaintiff Wilfong's estranged husband, was operating and in lawful possession of the Pinto on a public street or highway when he either negligently or intentionally caused the Pinto to collide with the Camaro and damaged both vehicles. At that time, Carpenter neither owned an automobile nor had an automobile liability insurance policy in effect. Wilfong sued Carpenter and obtained judgment against him for the damages that her automobiles sustained. After the judgment remained unsatisfied for a period in excess of sixty days, it was certified to the Department of Motor Vehicles by the Clerk of Superior Court, with plaintiff's request, as a judgment creditor, that Carpenter's driving privileges be suspended pursuant to the provisions of G.S. 20-279.13. Defendant Commissioner declined to suspend such privileges, however, and plaintiff sued for a writ of mandamus to require him to do so. After a hearing before Judge Brannon, an order was entered directing defendant to suspend Carpenter's license to operate a motor vehicle in the state.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for defendant appellant.*

*DeBank, McDaniel, Heidgerd, Holbrook & Anderson, by William Eugene Anderson, for plaintiff appellees.*

PHILLIPS, Judge.

Each of the statutes hereinafter referred to is a part of the Motor Vehicle Safety and Financial Responsibility Act of 1953. G.S. 20-279.1(3) defines a judgment under the Act as a final judgment for damages "arising out of the ownership, maintenance or use of any motor vehicle." Under G.S. 20-279.15(3), a judgment for property damages in excess of $10,000 is deemed satisfied for the purposes of the Act when $10,000 has been credited against it. And G.S. 20-279.13, with certain exceptions, provides that upon receiving a certified copy of a judgment that has remained unsatisfied for a period of sixty days that the Commissioner of Motor Vehicles "shall forthwith suspend the license . . . of any person against whom such judgment was rendered." The statutory exceptions, none of which apply to this case, are: (1) When the insurance carried by the owner or driver is in a company approved to do business here that goes into liquidation after the accident and before judgment, G.S. 20-279.13(b); (2) where the judgment creditor consents in writing for the judgment debtor to retain his license, G.S. 20-279.13(c); and (3) where an order is entered permitting the judgment to be paid in installments, G.S. 20-279.16. Since Carpenter's situation as a judgment debtor in a motor vehicle accident case clearly falls within the purview of G.S. 20-279.13, and has not been excepted therefrom by any other statute, the Commissioner was required, we believe, to suspend Carpenter's driver's license as plaintiff requested. Thus, the order compelling him to do so is affirmed.

Though defendant concedes in his brief that "a literal interpretation or construction" of the statutes above referred to would seem to require the suspension of Carpenter's license to operate a motor vehicle, he contends that we should find that that was not what the General Assembly intended. In so arguing, defendant points to the fact that, under the facts recorded, Carpenter was in compliance with other provisions of the Motor Vehicle Safety and Financial Responsibility Act of 1953, which also authorizes the imposition of certain sanctions on those deemed to be in violation thereof. Defendant correctly asserts that Carpenter was not in violation of the Act while operating the car, since he was in lawful possession of it, and thus was an "insured" under plaintiff Wilfong's policy, which met the financial requirements of G.S. 20-279.1(11). Defendant also correctly contends that while the

Commissioner is empowered by G.S. 20-279.5 to suspend the driving privileges of motor vehicle owners and operators who are involved in accidents resulting in personal injury, death or property damage exceeding $500, even though fault has not been determined, when his office has no proof of their financial responsibility within a certain time after the accident occurs, Carpenter was not subject to such a suspension because G.S. 20-279.6(1) provides that the security requirements of G.S. 20-279.5 do not apply when no injury or damage is done to anyone other than the operator or owner of the vehicle. And it is also true, as defendant maintains, that G.S. 20-279.21(b)(4)(e) does not require liability insurance policies issued under the Act to insure against loss "to property owned by, rented to, in charge of, or transported by the insured." Nevertheless, these statutes, which have nothing to do with unsatisfied judgments in automobile cases, do not justify us concluding that the General Assembly did not intend that which is plainly stated in G.S. 20-279.13. A statute as free from ambiguity as G.S. 20-279.13 is requires no construction, only adherence. Under the record presented, the statute required defendant to automatically suspend Carpenter's license to operate a motor vehicle upon receiving certification that the judgment against him was unsatisfied, and the order of mandamus was correctly entered.

Defendant's other contentions—relating to a possible coverage dispute under plaintiff Wilfong's policy and the status of Harleysville Mutual Insurance Company's alleged status as a subrogee of Wilfong—are outside the record and will not be considered. The terms of Wilfong's insurance policy, except that they comply with the state's financial responsibility laws, were not mentioned in the court below and are not in the record; and the only mention of Harleysville Mutual Insurance Company in the stipulated facts is that it is the company plaintiff Wilfong obtained her policy through.

Affirmed.

Judges WEBB and JOHNSON concur.